# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

THOMAS K. JENKINS,   *

Plaintiff   *

v   *   Civil Action No. PX-19-1277

LAWLOR & ENGLERT LAW FIRM,   *

Defendant   *

***

## MEMORANDUM OPINION

On November 26, 2018, Thomas K. Jenkins, a federal detainee housed at the Chesapeake Detention Facility, filed the above-captioned civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) in the United States District Court for the District of Columbia. ECF No. 1. On May 1, 2019, the District of Columbia Court transferred the matter to this District. ECF No. 6.

Jenkins has moved for leave to proceed in forma pauperis. ECF No. 2. The Court will grant the motion. However, before the case may proceed, the Court must review the Complaint to determine whether it is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations. . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

The Complaint avers that Lawlor, acting as Jenkins' criminal defense attorney, violated Jenkins' constitutional rights in connection with competency proceedings in the case pending before the Honorable Theodore D. Chuang. *See United States v. Jenkins*, Crim. No. TDC-15-492 (D. Md.). ECF No. 1. The Complaint particularly avers that Lawlor "deliberately, knowingly, willingly with reckless disregards to his client's constitutional rights, did engage in a spiderweb conspiracy in a [sic] attempt to help illegally incarcerate his client." ECF No. 1, p. 2. The Complaint further avers that that Lawlor improperly directed that Jenkins not testify to rebut the testimony of a forensic psychologist during competency proceedings, and that Lawlor "violated his fiduciary duties. This breach is in violation of my constitutional rights under the Sixth Amendment." *Id.*, pp. 2-3. According to the Complaint, Lawlor has violated Jenkins "rights under the 1st, 6th, 8th and the 14h Amendment of the U.S. Constitution." *Id.*, p. 6.

Civil suits alleging violations of the United States Constitution may only be brought against persons who are acting under color of law. *See* 42 U.S.C. § 1983. Lawlor, a private defense attorney agreeing to represent Jenkins at a reduced rate and as part of our Criminal Justice Act panel, is not considered a state actor capable of being sued civilly for constitutional violations. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Nor can this Court plausibly infer from the Complaint that Lawlor was jointly engaged with state actors who themselves were violating Jenkins' constitutional rights so that § 1983 liability would properly extend to him. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980). Rather, the Complaint, most charitably read, squarely concerns

Lawlor's performance as a defense attorney in Jenkins' criminal proceedings. The Complaint simply does not state a legally cognizable claim and thus must be dismissed.[3]

A separate order follows.

Dated: August 20, 2019

/S/
_____
Paula Xinis
United States District Judge

---

[3] Jenkins also moved for "declaratory judgment" in which he seeks default judgment because Lawlor has not responded to the Complaint. ECF No. 8. Because Lawlor has yet to be served, no response is due. Thus, the motion for default judgment is also denied.